# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CRIM. NO. 2007-0050 |
| RONALD EDWARD GILLETTE aka ) | |
| GARY LEE BROWN, ) | UNDER SEAL |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM OPINION

Finch, J.

    THIS MATTER comes before the Court on the United States' Motion in Limine to Introduce Federal Rule of Evidence 414 Evidence. The United States seeks a pretrial ruling on whether Defendant Ronald Gillette's prior conviction and the underlying facts resulting in that conviction may be admitted at trial. The Third Circuit in Johnson v. Elk Lake School Dist., 283 F.3d 138, 157 n.16 (3d Cir. 2002) encourages the Court to state explicitly its reasons for admitting or excluding evidence under Rule 414 of the Federal Rules of Evidence.

    Rule 414 provides in pertinent part:

> (a) In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

Fed. R. Evid. 414(a).

    Evidence law has historically prohibited the admission into evidence of "other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Rule 414 establishes an exception to the general prohibition

on character evidence in cases involving child molestation. Elk Lake School Dist., 283 F.3d at 151.

The first step in determining whether evidence of a prior child molestation is admissible under Rule 414 is to examine all of the evidence to decide whether a jury could reasonably find that the defendant committed the past act by a preponderance of the evidence. See Johnson v. Elk Lake School District, 283 F.3d 138,153 (3d Cir. 2002) (relying on Huddleston v. United States, 485 U.S. 681, 689 (1988)). For the evidence to be admissible, the Court must also conclude that a reasonable jury could find by a preponderance of the evidence that the past act was an act of child molestation. See id. at 154.

At the in limine hearing, Gillette argued that he did not commit a past act of child molestation. Under Rule 414, "a 'child' means a person below the age of fourteen, and 'offense of child molestation' means a crime under Federal law or the law of a State . . . that involved . . .(3) contact between any part of the defendant's body or an object and the genitals or anus of a child." Fed. R. Evid. 414(d).

Gillette was convicted in New Mexico in 1983 of criminal sexual penetration in the second degree which consisted, at the time of conviction, "of all criminal sexual penetration perpetrated: (1) on a child thirteen to sixteen years of age when the perpetrator is in a position of authority over the child and uses his authority to coerce the child to submit." New Mexico v. Gillette, 699 P.2d 626, 631 (N.M. App. 1985) (citing N.M. Stat. Ann. § 30-9-11(B)(1)). Gillette challenges the admission of this prior conviction and any of the underlying facts that led to the conviction on the grounds that he was wrongly convicted. He claims that a letter from the prior victim to him dated May 9, 1986 exonerates him.

The victim confirms, in his letter, that Gillette had been sneaking into the victim's bedroom at night, unbeknownst to the victim's mother. Apparently, Gillette believes the letter to be exculpatory, however, because, from his point of view, it opens for question whether he used his authority to coerce the child to submit. According to Gillette, if such evidence could have been presented to the jury, it could not have found beyond a reasonable doubt that Gillette used any position of authority to coerce the child, an element of second degree criminal sexual penetration under New Mexico law.

In Gillette, 699 P.2d at 632, the court stated that the victim testified that he was never forced to have sex with Gillette and that his entire sexual relationship with Gillette was uncoerced. Notwithstanding the victim's testimony, the jury convicted Gillette of sixteen counts of second degree criminal penetration. The victim's letter, which implies, but does not state, that the victim was uncoerced, would have been less persuasive than the victim's own testimony before the jury. If the victim's own testimony did not convince the jury that he was not coerced, the admission of this letter would not have changed the balance.

A New Mexico jury found beyond a reasonable doubt that Gillette had committed a state crime of criminal sexual penetration. This is a crime involving "contact between any part of the defendant's body or an object and the genitals or anus of a child." Thus, it constitutes an "offense of child molestation" as that term is defined under Rule 414.

This prior jury finding of guilt beyond a reasonable doubt convinces the Court that a reasonable jury could find, by a preponderance of the evidence, that Gillette was previously convicted of sixteen counts of second degree criminal sexual penetration, as that crime is defined in New Mexico, as well as that the underlying conduct resulting in that prior conviction was child

molestation.

Once the Court has performed this threshold analysis and found that a reasonable jury could find, by a preponderance, that the Defendant committed the previous acts, and that the acts were a child molestation offense, the Court must conduct a Rule 403 analysis. Elk Lake School Dist., 283 F.3d at 155. Evidence must "be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation or cumulative evidence." Fed. R. Evid. 403. Admission of the evidence "makes sense when the past act sought to be introduced under Rule [414] is demonstrated with specificity, and is sufficiently similar to the type of sexual assault allegedly committed by the defendant. In these archetypal cases, where the propensity inference that can be drawn from the past act evidence is greatest, Congress surely intended for the probative value of the evidence to outweigh its prejudicial effect, and conversely, did not want Rule 403 factors such as undue delay, waste or time, confusion of the issues, etc., to justify exclusion." Elk Lake School Dist., 283 F.3d at 156 (citations omitted).

The evidence that the United States seeks to introduce is sufficiently similar to the sexual offenses with which Gillette is presently charged to make this an archetypal case. The prior conduct involved sexual molestation of a boy with whom Gillette initially resided. The sexual conduct began when the boy was 12 and continued until the boy was 14. Gillette is presently charged with molesting two boys who resided with him in that same age range.

Factors that can weigh against admission of the prior conduct include: (1) the past act is not substantially similar to the act for which the defendant is being tried; (2) the past act cannot be demonstrated with sufficient specificity; (3) a lapse of time between the prior acts and the

charged acts; (4) the infrequency of the prior acts; (5) the presence of lack of intervening events; and (6) the lack of need for evidence beyond the testimony of the defendant and alleged victim. See Elk Lake School District, 283 F.3d at 153.  Gillette argues that two of these factors weigh against admission in this case: the time period between the offenses and the need for the testimony.

The time period that elapsed is not determinative when there is sufficient similarity between the past act and the act for which the defendant is being tried.  See United States v. Drewry, 365 F.3d 957, 960 (10th Cir. 2004) ("Sufficient factual similarity can rehabilitate evidence ... that might otherwise be inadmissible due to staleness."). In this case in particular, the lapse of time is less troubling since Gillette was incarcerated for twenty years of the intervening time, and therefore, lacked the opportunity to commit offenses in the interim.  Despite the passage of time, because the New Mexico conduct is so similar to the charged offense, it is still highly probative.

Gillette also contends that with the testimony of the victim and any other witnesses, there is no need for any proof of past child molestation.  In cases involving minors, the question of the credibility of the minor typically arises.  See United States v. LeMay, 260 F.3d 1018, 1028 (9th Cir. 2001).  Thus, there is a need for the prior act evidence to bolster the child's credibility, even if the child or children are available to testify against Gillette.

For the foregoing reasons, the Court finds that the evidence of Gillette's past offenses of child molestation meets the Rule 414 standard for admissibility.

ENTER:

DATE: February 19, 2008              _____/s/_____
                                     HONORABLE RAYMOND L. FINCH
                                     DISTRICT JUDGE