IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA and GOVERNMENT OF THE VIRGIN ISLANDS )<br><br>Plaintiff, )<br><br>vs. )<br><br>RONALD E. GILLETTE aka GARY LEE BROWN )<br><br>Defendant. ) | CR.NO. 2007/0050 |

## MEMORANDUM OF LAW IN REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS COUNTS 1 & 2

### FACT.

The defendant, **RONALD EDWARD GILLETTE**, was arrested on May 31, 2007 based on allegations that he failed to register as a sex offender in violation of 18 U.S.C. § 2250, and 42 U.S.C. § 14072. The defendant was subsequently charged with aggravated rape under 14 V.I.C. § 1700 and unlawful sexual contact under 14 V.I.C. §§ 1708, 1709. In 1983, the defendant was convicted of unlawful sexual penetration by a New Mexico State Court. This conviction is the basis of the charge for failure to register. The defendant has filed a Motion to Dismiss in this Court asserting that the application of 18 U.S.C. § 2250(a) violates the Constitution's Ex Post Facto Clause, and that 42 U.S.C. § 14072 is inapplicable since the Virgin Islands has a statute sufficiently requiring registration, though its elements do not bring the defendant within application of the statute. The defendant began residence in the Virgin Islands some time around March of 2003. In 2007, the defendant was indicted for failing to register as a sex offender in violation of 18 U.S.C. § 2250(a) and 42 U.S.C. § 14072.

Comp1/ my documents/ memo --- reply to motion to dismiss (usa vs. Gillette)

Case: 1:07-cr-00050-RLF-GWC   Document #: 152   Filed: 03/03/08   Page 2 of 11

USA vs. GILLETTE
MEMO—REPLY TO MOTION TO DISMISS
PAGE 2

## ANALYSIS

### A. The Legal Standard

1. The Ex Post Facto Clause

The Ex Post Facto Clauses prohibit Federal and State Governments from enacting and enforcing laws with retroactive effect. U.S. Const. Art. 1 section 9 and U.S. Const Art. 1 section 10. A provision violates the Ex Post Facto Clause when it has an impact on past conduct or transactions. Typically, a statute that imposes a criminal penalty for past transaction that was legal when performed, violates the Ex Post Facto prohibition. In addition, a law that imposes a greater penalty for unlawful conduct that existed before the passage of law will also violate the Ex Post Facto Clause. **Lindsey v. Washington, 301 U.S. 397 (1937).**

2. Application of 42 U.S.C. § 14072

42 U.S.C. § 14071(a)(1) states:

(a) The Attorney General shall establish guidelines for state programs that require:

(A) a person who is convicted of a criminal offense against a victim who is a minor or who is convicted of a sexually violent offense to register a current address for the time specified in subparagraph (A) of subsection (b)(6).

(B) a person who is a sexually violent predator to register a current address for the time specified in subparagraph (B) of subsection (b)(6).

Subsection (b)(6) delineates the time period for which a person is required to register based on certain conditions or determinations prescribed by § 14071(a)(2).

42 U.S.C. § 14072(b) states:

The Attorney General shall establish a national database at the Federal Bureau of

Case: 1:07-cr-00050-RLF-GWC   Document #: 152   Filed: 03/03/08   Page 3 of 11

USA vs. GILLETTE
MEMO—REPLY TO MOTION TO DISMISS
PAGE 3

Investigation to track the whereabouts and movement of;

    (1) each person who has been convicted of a criminal offense against a victim who is a minor;

    (2) each person who has been convicted of a sexually violent offense; and

    (3) each person who is sexually violent predator.

42 U.S.C. § 14072(c) states:

Registration Requirement. Each person described in section (b) who resides in a state that has **not established** a minimally sufficient sexual offender registration program shall register a current address, finger prints of that person, and a current photograph of that person with the FBI for inclusion in the database established under section (b) for the time period specified under subsection (d).

It follows that section 14072 is applicable only if the Virgin Islands does not have adequate provisions for a program for the registration of sexual offenders. The terms of the Virgin Islands sexual offender registration program are outlined in 14 V.I.C. § 1721 et. seq.

14 V.I.C. § 1722(a) provides:

"A person convicted or found guilty by reason of insanity on or after July 1, 1994, of a criminal offense against a minor or of a sexually violent offense shall register as provided in section 1724 of the chapter.

The provisions of this statute outline the elements which give rise to the duty to register and attach criminal penalty for breach of that duty.

**B. The Application of 18 U.S.C. § 2250(a) Violates the Ex Post Facto Clause.**

On July 27, 2006, Congress enacted the Sex Offender Registration and Notification Act

Case: 1:07-cr-00050-RLF-GWC Document #: 152 Filed: 03/03/08 Page 4 of 11

USA vs. GILLETTE
MEMO—REPLY TO MOTION TO DISMISS
PAGE 5

sex offender who, traveled in interstate commerce and failed to register prior to the enactment of the statute and prior to the time that the Attorney General determined its retrospective application, without violating the Ex Post Facto prohibition of the Constitution. Fundamentally, the ex post facto clause prohibits retroactive punitive sanctions.

It follows that a person who is convicted of a sexual offense prior to July 27, 2006, travels in interstate commerce prior to February 28, 2007 and fails to register as a sex offender after such travel, cannot be charged with a violation of 18 U.S.C. § 2250(a) because the registration requirements did not apply to such a person until February 28, 2007. The defendant who was convicted in New Mexico in 1983, traveled to and resided in the Virgin Islands in 2003, falls in the category of persons who may not be convicted under this provision without violating the Constitution's Ex Post Facto Prohibition.

This issue, in light of its novelty has not been addressed by the Third Circuit but has been addressed by the courts of various jurisdictions. In **United States v. Kapp, 487 F. Supp. 2d 536 (Mid. Dist. Pa., 2007)** the District Court stated: "charges that the defendants had violated 18 U.S.C. § 2250 by failing to update their sex offender registrations had to be dismissed because defendants were under no obligation to register pursuant to SORNA at the time of their indictments in November and December of 2006."

The most logical conclusion is that the defendant could not be subject to prosecution under 18 U.S.C. § 2250(a) neither for his failure to register nor his travel, since none of his conduct occurred at a time which would bring it within the proscription of the statute. Where the criminal act is traveling and failing to register, the law cannot be constitutionally applied to the defendant where those actions were not crimes covered by the act

Case: 1:07-cr-00050-RLF-GWC   Document #: 152   Filed: 03/03/08   Page 5 of 11

USA vs. GILLETTE
MEMO—REPLY TO MOTION TO DISMISS
PAGE 6

when they were performed. *United States v. Muzio,* 2007 U.S. Dist. LEXIS 54330 (E. Dist. Mo. 2007). In Muzio, the defendant was convicted of a sexual offense prior to the enactment of SORNA and traveled in interstate commerce and failed to register prior to the Attorney General's issuance of a ruling that SORNA was retroactive. Even if the defendant traveled after the effective date of the statute, SORNA does not apply if the travel occurred before the Attorney General's issuance of the ruling determining its retroactive application. *United States v. Cole,* 2007 U.S. Dist. LEXIS 68522 (S. Dist. Ill. 2007). A defendant convicted prior to the effective date of SORNA, travels in interstate commerce and fails to register between the effective date of SORNA and the effective date of the Attorney General's order is not subject to the statute's registration requirements. *United States v. Heriot,* 2007 WL 2199516 (Dist. S.C., 2007).

Applying the statute to a defendant convicted before July 27, 2006 and travels before February 28, 2007, would require a retroactive application of the statute to an essential element of the offense (travel in interstate commerce) and would violate the ex post facto clause. *United States v. Stinson;* 2007 WL 2580164 (S. Dist. W. Va., 2007). The registration requirements have only prospective application until the Attorney General acted pursuant to 42 U.S.C. § 16913 (d). *United States v. Muzio. Supra.*

To further avoid the fact that the statute is being applied retroactively, the government's argument creates the fiction of a continuing violation. A continuing offense suggests repeated unlawful conduct over a period of time. *U.S. v. Ritter,* 416 F. 3d. 256 (3rd Cir. 2005). The truth is, if a criminal violation exists, the crime would have been completed on the day that the time expired for the defendant to register. *U.S. v. Bobby Smith,* 481 F. Supp. 2d. 846 (S. Dist. Mich. 2007). There is no evidence that the defendant continuously repeated the

conduct that would constitute a violation of the law. Moreover, nothing in the statute imposes a continuing duty to register or identifies such breach of duty as a continuing violation. **United States v. Stinson, supra.** Particularly in the case of this defendant; whose conviction, travel and failure to register occurred prior to the enactment of SORNA, and prior to the Attorney General's ruling, there can be no claim of a continuing violation when the defendant was not subject to the requirements in the first place. Even if the defendant engaged in conduct which, if performed today, would subject him to prosecution, it cannot be said that the defendant repeated the unlawful activity when the law defining the unlawful conduct had not yet been in effect and the defendant had not engaged in any of the proscribed conduct after the law became effective. See **U.S. v. Heriot, supra; U.S. v. Muzio supra; United States v. Kapp., supra.** Accordingly, there can be no such thing as a continuing violation when there has not been a violation to begin with.

Neither should the government's protestations that a person who does not travel is permitted to violate the law with impunity, be given any thrift. These are mere rantings that are legally insufficient and unpersuasive. Such rantings should not be permitted to nullify the elements of the statute which are determinative of the unlawful conduct. The issue that the government must confront is whether the defendant can be punished under the statute for conduct that occurred prior to the enactment of the statute. Certainly, there is nothing that would preclude the prosecution of the defendant at this time if he engages the conduct which the elements of the statute proscribe.

Additionally, the government's argument tends to allude to the proposition that 18 U.S.C. § 2250(a) is not subject to ex post facto analysis because registration requirements are regulatory, and non-punitive measures. Nonetheless, the government acknowledges in its brief:

"Title I of the AWA encompasses SORNA and was approved by the President on July 27, 2006. SORNA created a new federal offense of failing to register as a sex offender, with a maximum penalty of ten years imprisonment." (See Government's Responsive Brief p.2).

In support of its argument, the Government relies on **Smith v. Doe, 538 U.S. 84 (2003)** where the U.S. Supreme Court found that an Alaskan sex offender registration statute was a non punitive regulatory measure and therefore was not subject to ex post facto analysis. However, in **Smith v. Doe**, the Supreme Court determined that the nature of the statute depended on the intent of the legislature. The court found that the Alaska legislature intended the statute to be a non punitive regulatory measure. Although it is clear that Congress intended § 2250 to be a criminal provision with punitive sanctions, the government argues that § 2250(a) is strikingly similar to the Alaska statute; a position that is totally ridiculous.

On the contrary, the issue here is not whether registration requirements are non-punitive and regulatory. The issue is whether the defendant who was convicted, traveled in interstate, and failed to register prior to the enactment of SORNA and prior to the Attorney General's issuance of a ruling that SORNA was retroactively applicable, can be prosecuted under 18 U.S.C. § 2250(a), without such prosecution being a violation of the ex post facto clause.

The government further contends that § 2250 (a) does not criminalize the defendant's travel because the defendant has been indicted only for his failure to register. Quite obviously, the government insists on separating the elements that constitute criminal conduct into separate offenses. According to the Government's argument, the defendant can be prosecuted for traveling, separately from his prosecution for failure to register. Therefore, the

government argues that it does not matter when or whether the defendant traveled. However, it is abundantly clear that not only travel, but present travel is a necessary element of the crime. More importantly, in order for the statute to avoid the ex post facto prohibition, the government must show that all elements for crime were met by the defendant's conduct after the enactment of SORNA and after the Attorney General issued his ruling on SORNA's retroactive application.

The "present travel" requirement, that is, travel after the effective date of SORNA is evident from the plain language of the provision. Section 2250(a) applies to a sex offender who "travels" rather who, "has traveled." In the context of criminal laws, congress's use of verb tense is significant in construing statutes. **United States v. Wilson, 503 U.S. 329 (1992).** The court found that the fact that congress selected the word, "travels" denotes present tense action is required to satisfy that element of the statute. The statute therefore, had only prospective application.

Moreover, it is obvious that § 2250 is meant to be a punitive measure as evidenced by its possible ten year sentence. Furthermore, Congress placed § 2250 with the criminal provisions of Title 18, intentionally making it a punitive measure. It is contradictory that a statute which provides for imprisonment or incarceration as a sanction for its violation can be characterized as non-punitive. The ex post facto clause prohibits the government from enacting a law which imposes punishment for conduct which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed. **Weaver v. Graham, 450 U.S. 24 (1981).**

The government's other arguments in its attempt to nullify the significance of the ex post facto clause must fail, since these arguments and the authorities upon which the government rely do not support its position contesting the claim that § 2250, as applied to the defendant, runs afoul of the Constitution's ex post facto prohibition. The government relies on **United States v.**

USA vs. GILLETTE
MEMO—REPLY TO MOTION TO DISMISS
PAGE 10

*Russel*, 186 F. 3d. 838 (8th Cir. 1999), where the Eighth Circuit rejected an ex post facto challenge to the Deadbeat Parents Punishment Act (DPPA). However, even the Government's brief acknowledged that the Eighth Circuit's decision made the distinction between child support payments owed before the enactment of the statute and child support payments owed subsequent to the enactment of the statute. Similarly, the Government relies on **United States v. Mitchell,** **209 F. 3d. 319 (4th Cir. 1999).** In Mitchell, the Fourth Circuit rejected an ex post facto challenge to 18 U.S.C. § 922 on the basis that the ex post facto clause did not prohibit prosecution for the possession of a firearm after the enactment of the statute because the firearm was purchased prior to the enactment of the statutes. However, if the purchase had become unlawful subsequent to the enactment of the statute, the government could not lawfully prosecute the purchase. The Fourth circuit made clear that it was the possession that had become unlawful after the enactment of the statute. In addition, the government relies on **United States v. Gray, 876 F. 2d. 1411 (9th Cir. 1989)** and again raises the theory of the continuing violation. It has been made clear that the concept of a continuing violation has no relevance or bearing on the present matter. The authorities upon which the government relies has neither the factual nor legal posture of the present case.

### C. Defendant was not Required to Register under Virgin Islands Law and Therefore 42 U.S.C. § 14072 is Inapplicable.

When the defendant came to the Virgin Islands he made inquiries and sought legal advice regarding his duty to register as a sex offender and the procedures for registration. Through some inadvertence, and no fault of the defendant, he did not obtain the information and apparently, he never completed registration. In any event, one of the fundamental requirements of creating the duty to register under Title 14 § 1722 of the Virgin Islands Code, is that the defendant is convicted on or after July, 1994.

Comp1/ my documents/ memo --- reply to motion to dismiss (usa vs. Gillette)

Case: 1:07-cr-00050-RLF-GWC   Document #: 152   Filed: 03/03/08   Page 10 of 11

USA vs. GILLETTE
MEMO—REPLY TO MOTION TO DISMISS
PAGE 11

The defendant was convicted in New Mexico in 1983. The government now seeks to prosecute the defendant under the Jacob Wetterling Act (42 U.S.C. § 14071 et. seq.). By it's plain reading, 42 U.S.C. § 14072(c) establish that the fundamental requirement for the application of this statute is that the person required to register lives in a state that does not have a "minimally sufficient" sexual offender registration program. The Virgin Islands sexual offender registration program prescribes the same requirements for registration as the Jacob Wetterling Act sexual offender registration program, including the conditions under which a person is required to register and the period of time that such person is required to maintain registration. Obviously, the Virgin Islands has an adequate sexual offender registration program, regardless of the fact that its basic requirement does not apply to the defendant at this time.

The government seeks to prosecute the defendant under 42 U.S.C. § 14072 because 14 V.I.C. § 1722, does not avail such a prosecution. Nevertheless, given the sufficiency of the Virgin Islands sexual offender registration program 42 U.S.C. § 14072 does not apply.

## CONCLUSION

The prosecution of the defendant pursuant to § 2250(a) under these circumstances violates the ex post facto clause of the United States Constitution. Further, prosecution of the defendant under 42 U.S.C. § 14072 usurps the condition under which congress dictates that this provision should apply. In light of the foregoing discussion, Defendant's Motion to Dismiss counts 1 and 2 of the indictment should be granted.

Respectfully submitted,

LAW OFFICES OF ESAZRT A. WYNTER, SR., P.C.
#27 ESTATE WHIM, P.O. BOX 1847
FREDERIKSTED, ST. CROIX, U.S.V.I. 00841-1847

DATED: March 03, 08

ESZART A. WYNTER, SR., ESQ.

Compl/ my documents/ memo --- reply to motion to dismiss (usa vs Gillette)

Case: 1:07-cr-00050-RLF-GWC Document #: 152 Filed: 03/03/08 Page 11 of 11

*USA vs. GILLETTE*
*MEMO—REPLY TO MOTION TO DISMISS*
*PAGE 12*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing **MOTION TO BRING DEFENDANT TO ST. CROIX** was mailed postage prepaid to DENISE HINDS, ESQ. Assistant United States Attorney, U.S. Attorney's Office, #1108 King St., Suite 201, Christiansted, V.I. 00820 on this 3rd day of March, 2008.

_____