PRECEDENTIAL – FOR PUBLICATION

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RONALD EDWARD GILLETTE aka )<br>GARY LEE BROWN, )<br>)<br>Defendant. )<br>_____ ) | CRIM. NO. 2007-0050<br><br>UNDER SEAL |

## MEMORANDUM

Finch, J.

THIS MATTER comes before the Court on Defendant Ronald Gillette's Motion for Judgment of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Count 1 of the Superseding Indictment charges Gillette with failing to register under the Sex Offender Registration Notification Act in violation of 18 U.S.C. § 2250(a). Gillette claims that prosecuting him under this law would violate the *Ex Post Facto* Clause.

**I.    THE SEX OFFENDER REGISTRATION AND NOTIFICATION ACT**

The Sex Offender Registration and Notification Act, (SORNA), Title I of the Adam Walsh Child Protection and Safety Act of 2006, (the Walsh Act), Pub. L. 109-248, 120 Stat. 587 (2006), created a national system for registration of sex offenders. To implement this system, SORNA requires every sex offender to register and keep the registration current in each jurisdiction in which he lives, works, or is a student. See 42 U.S.C. § 16913(a). Pursuant to SORNA, a sex offender who is required to register under SORNA, who travels in interstate

commerce, and knowingly fails to register or update a registration as required under SORNA may be imprisoned for up to ten years.[1] 18 U.S.C. § 2250(a). Upon signing the Walsh Act, President George Bush stated that "these improvements will help prevent sex offenders from evading detection by moving from one state to the next." 2006 U.S.C.C.A.N. S35, S36 (2006).

Between 1994 and July 27, 2006, the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, Pub. L. 103-322, tit. XVII, 108 Stat. 2038, (1994), made a sex offender's first offense a misdemeanor, reserving the maximum 10-year sentence for second and subsequent offenses. 42 U.S.C. § 14072(g)(3), (i). With the enactment of the Walsh Act, the maximum penalty for a sex offender's first offense for failure to register was increased to ten years imprisonment. 18 U.S.C. § 2250(a).

## II.   FACTS

On November 10, 1983, Gillette was convicted in New Mexico of child molestation offenses related to sexual activity with a 12 year old boy. He was sentenced to 27 years imprisonment and served 18 years. In 2003, Gillette took up residence in St. Croix, Virgin

---

[1] Title 18 U.S.C. § 2250(a) provides, in relevant part:
Whoever--

> (1) is required to register under the Sex Offender Registration and Notification Act;
> . . . .
>
> (2)(B) travels in interstate or foreign commerce . . .; and
>
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

Islands. According to Gillette, he has not relocated from St. Croix, Virgin Islands since then. The Government has failed to prove otherwise; it has presented no evidence to suggest that Gillette traveled in interstate commerce subsequent to July 27, 2006.

**III. DISCUSSION**

    A.    <u>18 U.S.C. § 2250 is Punitive and Onerous, Barring its Retrospective Application</u>

Article 1, § 9 of the U.S. Constitution states that "[n]o Bill of Attainder or ex post facto Law shall be passed." "Since the enactment of the Constitution, the purpose of the *Ex Post Facto* Clause has been to prevent government from enacting statutes with 'manifestly unjust and oppressive' retroactive effects." <u>United States v. Madera</u>, 474 F. Supp.2d 1257, 1262 (M.D. Fla. 2007) (quoting <u>Calder v. Bull</u>, 3 U.S. (3 Dall.) 386, 391, 1 L.Ed. 648 (1798) (Chase, J.)). Therefore, "the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them." <u>Collins v. Youngblood</u>, 497 U.S. 37, 41 (1990). "[A] statute will not violate the *ex post facto* clause if it is designed to be nonpunitive and regulatory and the plaintiff cannot establish by the clearest proof that the state's choice was excessive in relation to its legitimate regulatory purpose." <u>United States v. Carr</u>, 2007 WL 3256600, at *2 (N.D. Ind. Nov. 2, 2007). "As a consequence, the legal analysis properly begins with a consideration of whether the statute is criminal or civil." <u>United States v. Kent</u>, 2008 WL 360624, at *3 (S.D. Ala. Feb. 8, 2008).

The Government encourages the Court to find, as other district courts have found, that retrospective application of SORNA does not violate the *Ex Post Facto* Clause because SORNA is civil in nature and nonpunitive. The district courts that have found that retrospective

prosecution under SORNA does not violate the *Ex Post Facto* Clause have misconstrued the Supreme Court's decision in Smith v. Doe, 538 U.S. 84 (2002).  See, e.g., Carr, 2007 WL 3256600;  United States v. Hulen, 2007 WL 2343885 (W.D. Ark. Aug. 15, 2007); United States v. Manning, 2007 WL 624037 (W.D. Ark. Feb. 23, 2007);  United States v. Templeton, 2007 WL 445481 (W.D. Okla. Feb. 7, 2007);  Madera, 474 F. Supp.2d 1257.  "Smith is not comparable to the instant case."  United States v. Smith, 481 F. Supp.2d 846, 852 (E.D. Mich. 2007).

In Smith, involving a § 1983 action, the Supreme Court was asked to "decide whether the registration requirement is a retroactive punishment prohibited by the *Ex Post Facto* Clause." Smith, 538 U.S. at 89.  In fact, "[t]he only issue before the court was whether the registration and notification scheme, by itself, violated *ex post facto*."  Kent, 2008 WL 360624, at *4.  "Nothing in the Smith case indicates that the respondents were facing criminal prosecutions or jail time for failing to comply with the registration and notification scheme."  Id at *4.

The Alaska Sex Offender Registration Act, (ASORA), analyzed in Smith, contains two components: a registration requirement and a notification system.  Smith, 538 U.S. at 89.  A sex offender who knowingly fails to comply with ASORA is subject to criminal punishment.  Id. The Supreme Court noted that ASORA, itself, however,  "imposes no physical restraint, and so does not resemble the punishment of imprisonment which is the paradigmatic affirmative disability or restraint."  Id. at 100.  Indeed, ASORA "does not restrain activities sex offenders may pursue but leaves them free to change jobs or residences."  Id.  "Smith referenced two statutes that provide criminal penalties for failing to register under [ASORA] . . . [but] did not address what impact, if any either of those two statutes had on its analysis."  Kent, 2008 WL

4

360624, at *3.

The Supreme Court observed that the registration requirement is related only to the sex offender's past offenses. "The regulatory scheme applies only to past conduct . . . . The obligations the statue imposes are the responsibility of registration, a duty not predicated upon some present or repeated violation." Smith, 538 U.S. at 105.

In contrast, prosecution for failure to register, in the Supreme Court's eyes, is a separate and distinct offense: "A sex offender who fails to comply with the reporting requirement may be subjected to a criminal prosecution for that failure, but any prosecution is a proceeding separate from the individual's offense." Id. at 101-102.

Smith precludes any *ex post facto* attack upon SORNA's registration and notification requirements. United States v. Pitts, 2008 WL 474244, at *3 (M.D. La. Feb. 14, 2008). However, the Supreme Court never touched on whether punishing a sex offender for failing to comply with registration requirements established subsequent to the sex offender's failure to register under some previous regime would violate the *Ex Post Facto* Clause. The Supreme Court ruled only that it did not violate the *Ex Post Facto* Clause to require a sex offender to comply with ASORA's registration requirements, in that such compliance did not constitute punishment. United States v. Deese, 2007 WL 2778362, at *4, n.7 (W.D. Okla. Sept. 21, 2007) (recognizing that "[a]t issue in Smith was whether the registration itself – and the resulting publication of that information – constituted punishment"). Thus, Smith does not even remotely stand for the proposition that retrospective punishment for failure to register, under ASORA or SORNA, is permissible under the *Ex Post Facto* Clause. United States v. Sallee, 2007 WL 3283739, at *3, n.7 (W.D. Okla. Aug. 13, 2007) (noting that Smith did not address criminal

5

penalties associated with failure to register as sex offender, but only whether registration, itself, constitutes punishment); Deese, 2007 WL 2778362 at *4, n.7 (same).

Unlike ASORA, 18 U.S.C. § 2250 is neither civil in nature nor nonpunitive; it imposes a possible ten year sentence. United State v. Bonner, 2007 WL 4372887, at *2 (S.D. Ala. Dec. 11, 2007). Even if the Walsh Act, as a whole, may be considered a civil regulatory scheme, there is no justification for viewing § 2250 in the context of the complete statutory regime, since the other provisions of the Walsh Act do not alter the fact that § 2250 is both "punitive and more onerous than its predecessor." Kent, 2008 WL 360624, at *4-5. "The Government's attempt to hide the enhanced penalties in § 2250 under the greater 'civil' purpose of SORNA runs afoul of the longstanding rule that 'the *ex post facto* effect of a law cannot be evaded by giving a civil form to that which is essentially criminal.'" Smith, 481 F. Supp.2d at 853 (quoting Burgess v. Salmon, 97 U.S. 381, 385 (1878)). Moreover, the structure of the Walsh Act, unlike ASORA, "tends to show that Congress intended for portions of the Act to be civil and for others to be criminal." Kent, 2008 WL 360624, at *5. Indeed, Congress selected "criminal" for failure to register by including "the felony failure to register violation in Title 18 of the Federal Code: Crimes and Criminal Procedure." Smith, 481 F. Supp.2d at 852-53.

"§ 2250 is clearly a criminal, punitive statute." Kent, 2008 WL 360624, at *3. "Therefore, 18 U.S.C. § 2250 is subject to an *ex post facto* analysis." Bonner, 2007 WL 4372887, at *2.

A law violates the *Ex Post Facto* Clause if it (1) punishes as a crime an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a defendant of a defense available at the time the act was

committed.  See Collins v. Youngblood, 497 U.S. 37, 52 (1990).  The *ex post facto* prohibition is not driven by "an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated."  United States v. Aldrich, 2008 WL 427483, at *4 (D. Neb. Feb. 14, 2008) (quoting Weaver v. Graham, 450 U.S. 24, 29-30 (1981)).  Thus, when a law applies to events occurring before its enactment and disadvantages the offender by increasing the punishment for the crime, it violates the United States Constitution.  Weaver, 450 U.S. at 29.

Accordingly, the Court first considers whether Gillette would be punished for conduct that predated the Act, and second whether Gillette's possible punishment has been increased because of the Act.

When Gillette traveled to the Virgin Islands in 2004, he was required to register as a sex offender within ten days of his move pursuant to 42 U.S.C. § 14072(g)(3).  The offense of failure to register is complete "on the 11th day after the defendant travels in interstate commerce from one jurisdiction to another," if the defendant has not registered.  Sallee, 2007 WL 3283739, at *3 (quoting Smith, 481 F. Supp.2d at 852).  Therefore, Gillette's criminal conduct of failing to register predated SORNA.

Second, when Gillette moved to the Virgin Islands, assuming it was his first offense for failure to register, his failure to register was punishable as a misdemeanor under 42 U.S.C. § 14072(i), with a maximum sentence of one year in prison.  That same failure to register is now punishable by up to ten years in prison.  Increasing the punishment from a maximum imprisonment of one year to up to ten years, clearly increases the punishment for the crime. See Deese, 2007 WL 2778362, at *3 ("Subjecting defendant who traveled in interstate commerce

7

prior to the effective date of SORNA to a ten-fold increase in punishment clearly 'disadvantage[s] the offender affected by it.'").

The two critical elements for a criminal law to be *ex post facto* are present here. First, it is being applied retrospectively, to an event occurring before its enactment. Gillette moved to the Virgin Islands and failed to register as a sex offender before SORNA's enactment. Second, it disadvantages the offender affected by it. It subjects Gillette to a possible ten-year period of imprisonment, an increase from the maximum one-year sentence he would otherwise be facing. Aldrich, 2008 WL 427483, at *5  (concluding that § 2250 is retroactive and increases defendant's punishment).

Although requiring Gillette to comply with SORNA does not implicate the *Ex Post Facto* Clause, see Bonner, 2007 WL 4372887, at *2 (agreeing that Smith supports position that SORNA registration requirements are not violation of *Ex Post Facto* Clause), punishing him pursuant to the punishment scheme of 18 U.S.C. § 2250 based on conduct which predates the Walsh Act violates the *Ex Post Facto* Clause.

B.      Failure to Register Must Occur in Conjunction with Interstate Travel.
.
The Government contends that even when a defendant only  traveled in interstate commerce prior to the enactment of SORNA, because his failure to register occurred after the enactment of SORNA, he is subject to prosecution because the criminal activity was not completed until after SORNA became effective. "[W]here an offense 'straddles'– begins before and ends after – the effective date of a statute, that statute may be applied to the defendant without violating *ex post facto.*" Ambriz v. Pliler,  1998 WL 827695, at *4 (N.D. Cal. Nov. 20,

8

1998).

Some district courts have reached this conclusion. For example, the court in Pitts reasoned that the criminal act with which the defendant was charged was failure to register or update his registration after enactment of the Walsh Act. Pitts, 2008 WL 474244 at *3. In other words, the offense of failing to register was not completed until the sex offender knowingly failed to register under SORNA, and the sex offender could only knowingly fail to register under SORNA after it went into effect. Carr, 2007 WL 3256600, at *1. Based on this "straddle" theory, such courts have found that the prosecution did not violate the *Ex Post Facto* Clause. Pitts, 2008 WL 474244 at *3.

The court in Pitts reasoned that "[l]imiting the reach of the statute only to those who travel in interstate commerce after enactment of the statute would be clearly contrary to the intent of the Congress to create a *comprehensive* national database of sex offenders and offenders against children for the protection of the public." Id. Although the jurisdictional element of 18 U.S.C. § 2250 refers to one who "travels in interstate or foreign commerce," the court found that this "element applies to all those who have subjected themselves to congressional jurisdiction by virtue of having traveled in interstate commerce." Id. at *4.

The Court disagrees that Congress intended the statute to reach sex offenders who had not traveled in interstate commerce subsequent to enactment of the Walsh Act and that the interstate travel element is only a jurisdictional element. The objective of § 2250 is to penalize sex offenders who move between states without registering. As reflected in President George Bush's Statement upon signing the Walsh Act, one of the goals of SORNA was specifically related to curbing the negative effects of sex offenders traveling among the states: "[T]hese improvements

9

will help prevent sex offenders from evading detection by moving from one state to the next." Statement by President George W. Bush upon Signing H.R. 4472, 2006 U.S.C.C.A.N. S35, *S36 (2006). The fact sheet disseminated in conjunction with the Walsh Act emphasized that "[t]he bill will integrate the information in State sex offender registry systems and ensure that law enforcement has access to the same information across the United States, helping prevent sex offenders from evading detection by moving from State to State." Fact Sheet: The Adam Walsh Child Protection and Safety Act of 2006, 2006 U.S.C.C.A.N. S35, *S36 (2006).

A goal of SORNA is to curb evasion of the registration statute by sex offenders who travel interstate by severely punishing them for failing to register after making such a move. SORNA emphasizes alerting the public that a sex offender is residing in its midst, particularly when the sex offender is new to the community, having moved recently from another state. Congress used the present tense of the verb "travel" because Congress intended that the travel element of the conduct occur in conjunction with the lack of registration for the crime to be consummated.

Unlike other statutes, the element of interstate travel was not just incorporated in the statute as a "jurisdictional hook." In enacting § 2250, Congress did not exercise its Commerce Clause power as broadly as it did in 18 U.S.C. § 922(g), in which Congress asserted jurisdiction over felons who possess any firearm "in or affecting commerce." Bonner, 2007 WL 4372887, at *3. "[T]he word 'affecting' would include past or present effects; it would include possession of a gun that did travel interstate before the felon possessed it." Id. (quotation omitted). By contrast, the "travels in interstate commerce" language of 18 U.S.C. § 2250 "clearly shows an intent to base federal jurisdiction on the act of traveling in commerce, not on the effect past travel

may have had on commerce." Id.

Because Congress' intent, as reflected in the plain language of § 2250, was to connect the component of interstate travel with the registration requirement, interstate travel that occurred when § 2250 did not require registration, is not sufficient to fulfill the "travel" element of the crime of failing to register.  Therefore, the crime does not "straddle" the enactment of SORNA, and may not be applied to Gillette without violating the *Ex Post Facto* Clause.  "Under the plain wording of the statute, in order for a violation to occur, both the travel and the failing to register have to occur after the effective date of the statute."  Kent, 2008 WL 360624, at *10.

      C.      Failure to Register is Not  a  Continuing Offense.

Another argument that the Government presents in favor of applying 18 U.S.C. § 2250 to Gillette is that Gillette's offense is continuing, and therefore the *Ex Post Facto* Clause is avoided.  Under the continuing offense theory, Gillette is not being held accountable for pre-SORNA conduct, but for remaining unregistered after the passage of SORNA.  See Carr, 2007 WL 3256600, at *3.  "[W]hen a crime involves a continuing violation, application of a law enacted after the crime begins does not implicate the *ex post facto* clause." United States v. Boyd, 149 F.3d 1062, 1068 (10th Cir. 1998).

In support of its position, the Government points to other statutes the violations of which have been considered to be continuing offenses.  In cases such as  United States v. Mitchell, 209 F.3d 319, 322-23 (4th Cir. 2000) (involving violation of 18 U.S.C. § 922(g)(9)), cited by the Government, and United States v. Gillies, 851 F.2d 492, 495 (1st Cir.1988) (involving violation of 18 U.S.C. § 922(g)(1)), courts have determined that the interstate commerce element of

11

federal firearm possession crimes does not criminalize the interstate movement of a firearm. Rather the interstate element of the statute identifies "what *kind* of a gun felons may not possess, and it provides the jurisdictional basis for a federal law." Gillies, 851 F.2d at 495. The conduct prohibited is the unlawful possession of a firearm, which occurs when the defendant possesses a firearm that has traveled in interstate commerce. Mitchell, 209 F.2d at 322-23.

Similarly, the Eighth Circuit in United States v. Russell, 186 F.3d 883, 885-86 (8th Cir. 1999), relied upon by the Government, recognized that a federal statute criminalizing failure to pay child support, the Deadbeat Parents Punishment Act (DPPA), 18 U.S.C.A. § 228, does not criminalize the mere accumulation of past due support obligations. Like the firearm statute, it identifies what *kind* of obligation the defendant must willfully fail to pay to be subject to prosecution. The crime is continuing, making the defendant subject to prosecution for as long as he fails to pay the support obligation. Id. at 886, n.4.

Unlike the firearm and child support statutes, the interstate element of § 2250 does not identify a particular *kind* of sex offender. Rather, it refers to particular conduct of a sex offender – the interstate travel of the sex offender. Although, like firearm possession and non-payment of child support, non-registration continues as long as a sex offender has not registered, failure to register occurs on a specific date, triggered by the sex offender's interstate travel. Because the registration requirement is tied to the time of travel, the crime is not a continuing offense. The obligation of the sex offender under § 2250 is not merely to register, but to register within a particular period after traveling interstate. But see, e.g. Carr, 2007 WL 3256600, at *3 ("[I]t is not relevant that the Defendant's obligation to register began before passage of SORNA. What is relevant is that the Defendant remains unregistered . . . after the passage of SORNA.").

12

The Government's reference to the rationale of United States v. Gray, 876 F.2d 1411 (9th Cir. 1989) in concluding that failure to appear in violation of 18 U.S.C. § 3146(a) is a continuing offense is compelling. The court found that failure to appear was a continuing offense, in part, because of the continued threat to society. Gray, 876 F.2d at 419. A sex offender who fails to register also presents a continuing threat to society.

However, the court in Gray did not examine the *ex post facto* ramifications of passing a new law which increased the punishment that could be imposed upon a defendant who, prior to the law's enactment, had failed to appear. Although failure to appear was considered a continued offense for tolling the statute of limitations, the court did not determine that failure to appear was a continuing offense, immunizing it from the *Ex Post Facto* Clause.[2]

Nothing in the express language of SORNA imposes a continuing duty to register or

---

[2] In finding that failing to register for the draft was not a continuing offense for statute of limitations purposes, the Supreme Court considered the purpose of a statute of limitations:

> The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity.

Toussie v. United States, 397 U.S. 112, 114-115 (1970).

Because the purpose and application of the *Ex Post Facto* Clause is different from that of the statute of limitations, an offense could be a continuing offense under the statute of limitations, but not a continuing offense under the *Ex Post Facto* Clause. Thus, this Court's determination that failure to register is not a continuing offense for *ex post facto* purposes does not mean that prosecution of a sex offender would be precluded, who, after SORNA, travels interstate and fails to register, and whose crime remains undetected until after the running of the applicable statute of limitations.

update a registration should the offender fail to do so within the prescribed time periods. See United States v. Stinson, 507 F. Supp.2d 560, 569 (S.D.W.Va.. 2007). However, the court in United States v. Dixon found that violation of § 2250 is a continuing offense because "SORNA requires the roaming sex offender to re-register periodically and so, . . . creates a continuing obligation."[3] Dixon, at *3. Although this update requirement could make § 2250 susceptible to being considered a continuous offense, under the rule of lenity, the Court must choose the less harsh interpretation. See Smith, 481 F. Supp.2d at 851, n.1 (citing Paquantino v. United States, 544 U.S. 349, 383 (2005)). As stated in Stinson, "even if the Court were to find a continuing duty to register or update a registration, the Court finds it should not be treated as a continuing offense for *ex post facto* purposes." Stinson, 507 F. Supp.2d at 569.

      Finally, the plain language of SORNA indicates that Gillette's failure to register is not a continuing offense. Critically, the second element of § 2250 uses the present tense of the verb "travels." United States v. Wilson, 2007 WL 3046290, at *2 (D. Utah Oct. 16, 2007). "The verb choice indicates that Congress intended to punish a sex offender's failure to register *in connection with* the individual's interstate travel. Because traveling interstate is necessarily an element which can and must be completed to prosecute under SORNA, the crime cannot be continuous." Id. "[A] violation of § 2250 is not a continuing offense but, rather, is complete when the defendant travels in interstate commerce and then fails to register within the prescribed time period." Stinson, 507 F. Supp.2d at 569-70; see Sallee, 2007 WL 3283739, at *3; Smith, 481 F. Supp.2d at 852; see also Aldrich, 2008 WL 427483, at *4 ("Failing to register is a one-

---

[3] SORNA includes a provision requiring that a sex offender periodically appear in person to verify registry information. 42 U.S.C. § 16916.

time offense, not a continuing violation."). Thus, Gillette's failure to register under SORNA cannot qualify as a continuous crime because he, a sex offender, completed all of the elements of the crime when he traveled interstate to the Virgin Islands and did not register. Because the crime was completed before SORNA's enactment, the *Ex Post Facto* Clause bars his prosecution.

## IV.   CONCLUSION

To succeed in a prosecution of 18 U.S.C. § 2250, the Government must show that the defendant both traveled in interstate commerce and failed to register as required after July 27, 2006. Because Gillette committed the crime of failing to register before the effective date of SORNA, and SORNA increases the punishment for such crime, prosecution under 18 U.S.C. § 2250 would violate the *Ex Post Facto* Clause. Since failure to register is not a continuing offense, Gillette has not violated SORNA since its enactment. For these reasons, the Court grants Gillette's Motion for Judgment of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.

ENTER:


DATE:      April 7, 2008                       _____/s/_____
                                               HONORABLE RAYMOND L. FINCH
                                               DISTRICT JUDGE