# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

UNITED STATES OF AMERICA,    )
        )
    Plaintiff,    )
        )
    v.    )
        )    CRIM. NO. 2007-0050
RONALD EDWARD GILLETTE aka    )
GARY LEE BROWN,    )
        )
    Defendant.    )
_____)

## MEMORANDUM OPINION

Finch, J.

THIS MATTER comes before the Court for its issuance of specific findings of fact pursuant to Rule 23(c) of the Federal Rules of Criminal Procedure. In making such findings, the Court holds the Government to its burden of proof. For the Court to find Defendant Ronald Gillette guilty of a count, the evidence must demonstrate Gillette's guilt beyond a reasonable doubt as to each element of that count. "[N]o person shall be made to suffer the onus of a criminal conviction except upon sufficient proof-defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979). For any count for which the Government has not met this burden, the Court finds Gillette not guilty.

### Count 3

Count 3 charges that "in or around Summer, 2004," Gillette "did knowingly perpetrate an act of sexual intercourse and sodomy with a person not his spouse; to wit, 'M.B.,' when said person was under the age of thirteen." Title 14 V.I.C. § 1700(a)(1) makes "[w]hoever perpetrates

any act of sexual intercourse or sodomy with a person not the perpetrator's spouse: who is under

thirteen years of age" . . . "guilty of aggravated rape in the first degree."

Although Gillette is charged conjunctively with perpetrating an act of sexual intercourse

and sodomy, the statute was enacted in the disjunctive. Therefore, in determining whether

Gillette is guilty of Count 3, the Court considers whether Gillette either had sexual intercourse

with M.B. or sodomized M.B. See United States v. Cusumano, 943 F.2d 305, 311 (3d Cir.

1991).

Title 14 V.I.C. § 1699(d) defines "sexual intercourse" as "vaginal intercourse or any

insertion, however slight, of a hand, finger or object, into the vagina, vulva, or labia excluding

such insertion for medical treatment or examination." M.B. is male. Thus, based on this

definition of "sexual intercourse," Gillette could not have had sexual intercourse with M.B.

"Sodomy" is defined as "carnal knowledge of any person by the mouth, i.e., cunnilingus

or fellatio; or by the anus; or by submission to the same; or by any insertion, however slight, of

any object into a person's anus, excluding such insertion for medical treatment or examination."

14 V.I.C. § 1699(e). M.B. testified that he had anal sex with Gillette in which M.B. inserted his

penis into Gillette's anus. This constitutes "sodomy" under Virgin Islands law, which, by the

inclusion of the phrase "or by submission to the same," does not differentiate between whether

the accused penetrates the victim or the victim penetrates the accused. M.B. was a competent

and credible witness. Thus, the Court finds that Gillette perpetrated an act of sodomy on M.B.

The only other elements that the Government must show are that M.B. was not Gillette's

spouse and that M.B. was under the age of thirteen. See Government of the Virgin Islands v.

Pinney, 967 F.2d 912, 915 (3d Cir. 1992). "[N]either the presence or absence of consent on the

part of [the victim] nor [the perpetrator's] belief regarding such consent was at issue during the trial." Id.

M.B. and M.B.'s grandmother both testified that M.B. has never been married. M.B.'s date of birth is April 12, 1992. Therefore, M.B. was 12 years old in the summer of 2004. Thus, these two elements are proven beyond a reasonable doubt.

Gillette contends that there was a variance between the alleged time of the offense charged in Count 3 and the time that the evidence showed that the sexual act was perpetrated. Count 3 states "[i]n or around Summer, 2004." The evidence before the Court is that Gillette sodomized M.B. about three weeks after he moved in with Gillette in August 2004. No evidence was presented as to the start and end dates of the summer season.

Time is not an essential element of 14 V.I.C. § 1700. Assuming that there is a variance between the timing of the offense alleged and the date shown by the evidence, because such a variance does not alter the elements of the offense charged, the Court focuses on whether or not there has been prejudice to Gillette. United State v. Somers, 496 F.2d 723, 744 (3d Cir. 1974).

Prejudice occurs when there is a danger that as a result of the variance, the defendant could be prosecuted a second time for the same offense or when the defendant is so surprised by the proof adduced at trial that he is unable to adequately prepare his defense. Id. at 746. There is nothing to suggest that the time variance will cause double jeopardy problems for Gillette. Because there was no evidence to show that the sexual activity occurred before the date alleged in th Superseding Indictment, Gillette could not have been so surprised by the evidence that he was unable to prepare his defense. The Court concludes that if the evidence showed that the sexual activity that occurred about three weeks after M.B. moved in with Gillette occurred in the

fall, rather than the summer of 2004, that variance is not so prejudicial as to bar the Court from finding Gillette guilty of the crime charged in Count 3.

Finally, the Superseding Indictment alleges that Gillette violated "Section 14/1700(a)(1) & (a)(2)(c)." Title 14 V.I.C. § 1700 does not include a subsection (a)(2)(c). It has subsections (a)(1) and (2), and (b) through (e). Thus, the Government erroneously cited 14 V.I.C. § 1700(a)(2)(c) in the Superseding Indictment presented to the grand jury.

Rule 7(c)(3) of the Federal Rules of Criminal Procedure addresses "Citation Error." It states that "[u]nless the defendant was misled and thereby prejudiced, neither an error in a citation or a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction." See United States v. Hall, 979 F.2d 320, 323 (3d Cir. 1992). Although citation of the nonexistent statute, 14 V.I.C. § 1700(a)(2)(c), may have been confusing to Gillette, it could not have misled him. Because Count 3 of the Superseding Indictment also cites the proper statute, 14 V.I.C. § 1700(a)(1), Gillette suffered no prejudice.

For the foregoing reasons, the Court finds that the Government has proven each and every element of aggravated rape as charged in Count 3 of the Superseding Indictment. Accordingly, the Court finds Gillette guilty on Count 3.

## Count 4

In Count 4, Gillette is charged with "engag[ing] in sexual contact with a person not his spouse; to wit, 'M.B.,' when said person was under the age of thirteen" "[i]n or around Summer, 2004." "Sexual contact" under Virgin Islands' law, is "the intentional touching of a person's intimate parts, whether directly or through clothing, to arouse or to gratify the sexual desires of

4

any person." 14 V.I.C. § 1699(c). The "primary genital area" and groin are listed as intimate parts. Id.

To prove unlawful sexual contact in the first degree, under 14 V.I.C. § 1708(2), the Government must show, beyond a reasonable doubt, that (1) Gillette engaged in sexual contact with M.B.; (2) M.B. was not his spouse; and (3) M.B. was under the age of thirteen. For the same reasons stated in Count 3, the Court finds that the Government has sustained this burden as to the second and third elements.

As to the first element, M.B. testified that shortly after he moved in with Gillette, Gillette touched M.B.'s penis in a manner which M.B. found offensive. The Court infers that Gillette's intent was to sexually arouse M.B. The Court believes M.B. and finds M.B.'s testimony sufficient to establish beyond a reasonable doubt that Gillette engaged in sexual contact with him. Since the Government has proved each element beyond a reasonable doubt, the Court finds Gillette guilty on Count 4.

**Counts 5 through 11**

Counts 5 through 11 are seven counts of aggravated rape in the first degree, differentiated only by the time of occurrence. Each of these counts charges that Gillette "did knowingly perpetrate acts of sexual intercourse and sodomy with a person not his spouse; to wit, 'M.B.,' by exerting a position of authority over said person, to accomplish the sexual act, when said person was under the age of sixteen and residing in the same household" in violation of 14 V.I.C. § 1700(a)(2). To sustain its burden of proof as to each of these counts, the Government must prove, beyond a reasonable doubt, that (1) Gillette perpetrated acts of sodomy with M.B.; (2)

Gillette used a position of authority to do so; (3) M.B. was under sixteen; and (4) M.B. resided with Gillette.

The evidence is undisputed that M.B. has not yet turned sixteen and that M.B. resided with Gillette between winter 2005 and May 2007. M.B. testified that Gillette engaged in sodomy with him about twice a week throughout the period that M.B. lived with Gillette. Based on M.B.s' testimony, which is corroborated by A.A.'s testimony and an "Agreement" found in Gillette's apartment, drafted by Gillette, in which Gillette details a daily schedule of sexual activities, the Court finds that Gillette engaged in sodomy with M.B. on at least a weekly basis, from before the winter of 2005 through May 2007, except during the period of about six weeks when M.B. was recovering from a circumcision.

Gillette concedes that he held a position of authority with M.B. as M.B.'s guardian. The Court finds that Gillette used this position to engage in sodomy with M.B. Gillette convinced M.B.'s family that he would be a suitable caregiver. M.B.'s family was persuaded that allowing M.B. to reside with Gillette and making Gillette M.B.'s guardian would be beneficial to him. Gillette obtained this position of authority so that he could engage in sexual activities with M.B. without alerting M.B's family members or school authorities and used the position once M.B. had committed to residing with him to accomplish the sexual acts.

For these reasons, the Court finds Gillette guilty on Counts 5 through 11.

**Counts 12 through 18**

Counts 12 through 18 are seven counts corresponding with Counts 5 through 11, respectively, except that they charge Gillette with unlawful sexual contact in the first degree, in

violation of 14 V.I.C. § 1708(3). The Government contends that because sodomy cannot occur without the intentional touching of a person's intimate parts, the exact same evidence that supports a finding of guilty on Counts 5 through 11, proves that Gillette is guilty as charged on Counts 12 through 18. The Court agrees. Although the Double Jeopardy Clause protects a defendant against cumulative punishments for convictions on the same offense, it does not prohibit the prosecution of greater and lesser included offenses in a single prosecution. Ohio v. Johnson, 467 U.S. 493, 500 (1984).

For the same reasons that the Court finds Gillette guilty on Counts 5 through 11, the Court finds Gillette guilty on Counts 12 through 18.

**Counts 19 through 22**

Counts 19 through 22 allege that over five specified periods of time beginning in December, 2004 and ending in January 2007, Gillette "did knowingly perpetrate acts of sexual intercourse and sodomy with a person not his spouse: to wit, 'A.A,' when said person was under the age of eighteen and over the age of thirteen. Gillette is charged on Counts 19 through 22 with aggravated rape in the second degree in violation of 14 V.I.C. § 1700a(a). To sustain its burden, the Government must prove, beyond a reasonable doubt, that (1) Gillette knowingly perpetrated acts of sexual intercourse or sodomy with A.A.; (2) A.A. is not Gillette's spouse; (3) and A.A. was between the ages of thirteen and eighteen when the particular offense was committed.

A.A. is M.B.'s male cousin. He would stay with M.B. at Gillette's apartment from time to time. He visited consistently during school breaks, such as Christmas and summer vacations. He also visited frequently on weekends. A.A. stayed with M.B. for the week in April 2006 when

7

M.B. did not join his class for a class trip.

According to A.A. and M.B., each time that A.A. would stay with M.B. and Gillette, after M.B. began to reside with Gillette, Gillette would perpetrate sodomy by performing fellatio on A.A. A.A. testified that on one occasion, A.A. penetrated Gillette's anus with his penis. The Court finds A.A. to be a competent and credible witness. Based on A.A. and M.B.'s testimony, the Court finds that Gillette knowingly perpetrated acts of sodomy during each of the periods specified in Counts 19 through 23.

A.A. testified that he had never been married. The Court finds, based upon A.A.'s mother's testimony, that A.A. is now 14 years old, having been born on Oct. 2, 1993. Thus, he had not attained age thirteen in December 2004, April 2006, or Summer 2006, the time periods charged in Counts 19, 20 and 21, respectively. A.A. was between the ages of thirteen and eighteen during the periods alleged in Counts 22 and 23: Fall, 2006 and January, 2007, respectively.

For the foregoing reasons, the Court finds that the Government has established, beyond a reasonable doubt, the elements of aggravated rape in the second degree as alleged in Counts 22 and 23. Thus, the Court finds Gillette guilty on Counts 22 and 23. Because the statutory age element of Counts 19 through 21 is not met, the Court finds Gillette not guilty on Counts 19 through 21.


**Counts 24 through 28**

Counts 24 through 28 correspond with Counts 19 through 22, respectively except that they allege unlawful sexual contact in the second degree rather than aggravated rape in the

second degree.   For the same reasons that the Court finds Gillette guilty on Counts 22 and 23,

the Court finds Gillette guilty on Counts 27 and 28.  The Court finds Gillette not guilty on Count

24 through 26, because as with Counts 19 through 21, the evidence does not prove beyond a

reasonable doubt that A.A. had attained age 13 in December, 2004, April, 2006 or Summer,

2006.


**Counts 29 and 30**

Counts 29 and 30 charge Gillette with "engag[ing] in sexual contact with a person not his

spouse; to wit, 'M.B.,' when 'M.B.'s ability to resist the contact has been substantially impaired

by an intoxicating, narcotic and anesthetic agent."  To sustain its burden on these counts, the

Government must prove, beyond a reasonable doubt that (1) Gillette engaged in sexual contact

with M.B.; (2) M.B. is not Gillette's spouse; and (3) M.B.'s ability to resist the contact was

substantially impaired by an intoxicating, narcotic and anesthetic agent.

M.B. and Gillette both testified that Gillette periodically gave M.B. tablets of an over-the-

counter medicine called "Actifed," which M.B. took.  A pharmacist testified that, for some

people, Actifed can cause drowsiness and deeper sleep.  M.B. stated that when he took Actifed

his sleep was deeper.

M.B. explained that he took the Actifed with the understanding that Gillette would

penetrate him anally with Gillette's penis while M.B. was sleeping.  When M.B. would awaken

in the morning, Gillette would tell M.B. that he had done so in the night and cleaned him up

afterward.  M.B. indicated that he never felt Gillette penetrate him and that, except for Gillette

telling him that the act had occurred, he would have not realized it, and neither saw nor felt

9

anything that would verify that it had happened.

After listening to the testimony of the pharmacist, the Court is not convinced that Actifed is such a strong medication that M.B. would not have felt Gillette penetrating his anus. Because M.B. never felt Gillette engaging in this sexual contact, the Court cannot find beyond a reasonable doubt that it occurred. For these reasons, the Court finds Gillette not guilty on Counts 29 and 30.


ENTER:

DATE:      April 11, 2008

HONORABLE RAYMOND L. FINCH
DISTRICT JUDGE