**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
|                             **Plaintiff,** | 1:07-cr-00050 |
|     v. | |
| **RONALD E. GILLETTE,** | |
|                             **Defendant.** | |
| _____ | |

TO:    Ronald E. Gillette, *Pro Se*
          2604 W. Woodland Ridge Drive
          Lecanto, FL 34661

       Joseph A. DiRuzzo, III, Esq.

## ORDER

THIS MATTER is before the Court's review of various filings submitted by Defendant Ronald E. Gillette. Although not docketed, Defendant submitted a "Memo" to the Court dated March 5, 2020, and received by the Court on March 16, 2020, attaching a document stylized as "Notification To The United States District Court, District Of The Virgin Islands, Division of St. Croix That: The Wrongly Convicted Defendant In the Above-Styled And -Numbered Cause Makes Known By Attachment Herewith Three (3) Separate Official Affidavit For U.S. Citizen Criminal Complaint Filed With The Virgin Islands Police Department's Law Enforcement For Competent, Thorough And Complete Investigations Against; But Not Limited To, At Trial Prosecution And Defense Witnesses Who Did In Fact While Under 'Oath' Volunteer False And/Or Misleading Testimony Above The Law" and three copies of a document stylized "Affidavit For U.S. Citizen Criminal Complaint."

These submissions violate the Court's order dated February 18, 2020 (ECF No. 552), because 1) Defendant did not seek approval by the Court to submit his "Memo" or the attached documents, and 2) the Court did not grant any such approval.

The Court reiterates that "[b]ecause Defendant has attorney representation, [any] *pro se* filings constitute a violation of this Court's November 26, 2018 order (ECF No. 529) that Defendant be enjoined from submitting any *pro se* filings in this Court without prior written approval of the Court." (Order dated Feb. 18, 2020; ECF No. 552 at 2). Neither the "Memo" nor the attached documents were submitted by Defendant's attorney, and the Court will therefore not consider them.

The Court wants to make very clear to Defendant that the February 18, 2020 order remains in effect and that, should Defendant submit any additional filings in this case, they must either be submitted by his attorney or with approval of the Court.

It is hereby **ORDERED** that:

1. Defendant's "Memo" dated March 5, 2020 and the accompanying attachments will not be considered by the Court.

2. Consistent with the Court's order dated November 26, 2018 (ECF No. 529) and February 18, 2020 (ECF No. 552), Defendant remains enjoined from submitting any *pro se* filings in this Court without **seeking and being granted** prior written approval of the Court.

3. The Court will consider granting such approval only if Defendant submits to the Court i) a copy of the filing he wishes to submit, ii) a sworn affidavit that the facts

*United States v. Gillette*
1:07-cr-00050
Order
Page 3

    upon which he bases his claims are true, and iii) a clear statement of the legal bases for his claims.

4. The Clerk of Court is directed to mark any papers received from Defendant as "Received," and shall direct the papers to the Court's attention. If, after review, the Court approves the papers for filing, it shall forward the papers to the Clerk's Office for filing. If the Court determines that there is no basis for the claims asserted, the Court will take no action, and the Defendant's papers will not be filed.

5. The order issued today will not operate to preclude Defendant from filing a notice of appeal in this action, but will apply to any further motions, applications, letters, or other documents he seeks to file.

ENTER:

Dated: March 18, 2020

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE