| | |
|---|---|
| **DISTRICT COURT OF THE VIRGIN ISLANDS** | |
| **DIVISION OF ST. CROIX** | |
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | 1:07-cr-00050-WAL-GWC |
| v. | |
| **RONALD EDWARD GILLETTE** | |
| Defendant. | |
| _____ | |

**TO:** Ronald Edward Gillette, *Pro Se*

### ORDER

THIS MATTER is before the Court on Petitioner Gillette's "Motion for Alternative U.S. Magistrate to Order Court Clerk to Conduct Inventory of Docket Entries for (Alternate U.S. Magistrate Judge) Intervention in All Pro Se Motions filed by Gillette from the End of CJA Representation Thereby Allowing a 'Non-Prejudiced' and 'Non-Biased' Issuance of More Thorough and Complete Court Orders Seeking Factual Responses and Any Necessary Court Hearings in the Interest of Justice to Petitioner Gillette" (ECF No. 574) and two "informative motions" requesting a status update on the Motion for Alternative U.S. Magistrate (ECF Nos. 575 and 576).

### I.     BACKGROUND

Defendant has filed copious post-conviction motions with the Court. Defendant is currently foreclosed from filing *pro se* motions without leave of the court. On November 26, 2018 the Court noted that the record showed that Defendant was represented by counsel

*USA v. Gillette*
1:07-cr-00050-WAL-GWC
Order
Page 2

in both Criminal No. 2007-00050 and Civil No. 2017-00042.[1] ECF No. 529. The Court ordered that "[w]ithout prior leave of this Court, Defendant Ronald E. Gillette is prohibited, when proceeding *pro se*, from filing any motions in cases in which he is represented by counsel." ECF. 529, p. 4. The Court subsequently denied review of Defendant's *pro se* motions under the November 26, 2018 Order. *See* ECF Nos. 552, 557, 560, 571.

On February 11, 2021, Joseph DiRuzzo III, Esq. filed a letter with the Court clarifying that he does not represent Defendant "as [his] representation of [Defendant] ended with the end of [his] CJA appointment." ECF No. 573-1. "Thus, contrary to the Court's March 18, 2020, order (Doc. # 557) the 'Defendant [does not have] attorney representation in this case.'" ECF No. 573-1.[2]

On March 22, 2021, Defendant filed the instant Motion. Defendant takes issue with the Court's review of Defendant's motions regarding 1) locating Defendant's Brinks safe and other personal property; 2) Defendant's transportation; and 3) the sealing of certain documents that Defendant did not request to be sealed. ECF No. 574 at 3-6. Defendant argues that the Court "has shown its secret agenda" with its March 18, 2020 Order (ECF No. 557) that did not docket certain *pro se* filings under the belief that Defendant was represented by counsel and thus the filings were in violation of the Court's November 26, 2018 Order (ECF No. 529). Defendant moves that: "Any and all documents or 'orders' from

---

[1] The November 16, 2018 Order misstates Defendant's Civil Case No. as 2014-00042. ECF No. 529 at 3.
[2] As of May 4, 2021, Joseph DiRuzzo III, Esq. does represent Defendant on appeal in Civil Case No. 2017-00042. 1:07-cv-00042; ECF No. 49.

*USA v. Gillette*
1:07-cr-00050-WAL-GWC
Order
Page 3

the Cannon court derailing Gillette's *pro se* motions based upon the court's mis-informed knowledge that Joseph A. DiRuzzo III, CPA represented Gillette must be re-visited by an alternative U.S. Magistrate." ECF No. 574 at 6-7. Further,

> Having absolutely no confidence in the "Cannon Court" and the "St. Croix U.S. Attorney's Office" to accurately and absent any and all perceived prejudices and biases, resolve in the interest of genuine factual steps of justice towards Gillette, requests for these government officials accept recusals and these *pro se* motions etc. be directed onto others having had no positions in these matters.

ECF No. 574 at 9.

## II.   APPLICABLE LEGAL STANDARDS

### 1. Recusal

Defendant cites no legal standard to base his motion on, so the Court will construe it as a motion for recusal of Magistrate Judge Cannon and reconsideration of the underlying motions. Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2018). "Proceeding" includes pretrial, trial, appellate review, or other stages of litigation. 28 U.S.C. § 455(d)(1).

"The test for recusal under § 455(a) is 'whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned.'" *In re Kensington Int'l, Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003) (citing *Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir. 1987)). When identifying bias, "section 455(a), by providing for recusal when a judge's impartiality may 'reasonably be questioned'...

*USA v. Gillette*
1:07-cr-00050-WAL-GWC
Order
Page 4

mandates an objective rather than a subjective inquiry." *United States v. Bertoli*, 40 F.3d 1384, 1412 (3d Cir. 1994) (citing *Liteky v. United States*, 510 U.S. 540, 553 n.2 (1994)). "[T]he objective reasonable person standard should be applied to the actual facts underlying a litigant's claim of bias, not merely bald allegations made in support of a motion for recusal." *Manley v. Maran*, 2005 U.S. Dist. LEXIS 53180, at *3 (D.N.J. Mar. 1, 2005).

"[B]ecause judges are presumed to be impartial, 'the Court must begin its analysis of the allegations supporting … a request [for recusal] with a presumption against disqualification.'" *S.E.C. v. Bilzerian*, 729 F. Supp. 2d 19, 22 (D.D.C. 2010) (citing *Cobell v. Norton*, 237 F. Supp. 2d 71, 78 (D.D.C. 2003)).

2. **Reconsideration**

A motion for reconsideration "shall be filed within fourteen (14) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown." LRCi 7.3.

Pursuant to Local Rules of Civil Procedure Rule 7.3(a), parties may seek reconsideration of an order or decision of the Court based upon "1. an intervening change in controlling law; 2. The availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice."  LRCi 7.3(a).

3. **Relief from an Order**

*USA v. Gillette*
1:07-cr-00050-WAL-GWC
Order
Page 5

A party may make a request to the court to withdraw a previous order it entered under Federal Rule of Civil Procedure 60. A motion under 60(b) must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). Unless justice requires otherwise, no error by the court is ground for vacating, modifying, or otherwise disturbing a judgment or order. Fed. R. Civ. P. 61. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights. *Id*.

### III.   DISCUSSION

1. **There is No Basis for the Recusal of Magistrate Judge Cannon**

In the above-captioned case, Defendant is not in any stage of litigation. Thus, Defendant is not entitled to relief under 28 U.S.C. § 455. Even under a 28 U.S.C. § 455 analysis, Defendant would not be entitled to relief. As a threshold matter, this Court must determine whether a reasonable person, apprised of all the facts, would question Magistrate Judge Cannon's impartiality in the case. *See In re Kensington Int'l, Ltd*., 353 F.3d at 220. Defendant's dissatisfaction with the court's rulings on various post-conviction motions are bald allegations. As discussed herein, Judge Cannon took each of Defendant's motions under consideration before ruling. There is no objective reason to question the impartiality of Magistrate Judge Cannon in the court's review of Defendant's post-conviction motions. Thus, the Court will deny the motion.

2. **There is No Basis for the Reconsideration of Defendant's Various Motions**
    a. **Brinks Safe and Personal Possessions**

*USA v. Gillette*
1:07-cr-00050-WAL-GWC
Order
Page 6

On January 12, 2017, the Court denied Defendant's Motion to Return Property (ECF No. 457). ECF No. 481. On December 7, 2018, the Court denied Defendant's Motion for Order to Return All Items Seized and Held by Custodian for the Attorney General's Office (ECF No. 531). ECF No. 532. On January 5, 2019, the Court granted in part and denied in part Defendant's Motion for Return of Property (ECF No. 508). ECF No. 537. The January 5th Order reiterated and was satisfied by the Government's inquiry into the location of Defendant's "personal safe" and 11-page list of seized items.

On January 29, 2019, Defendant filed a *pro se* "Motion for Orders Directing the Respondents to Make Good Faith Effort Inquiry into the Whereabouts of Petitioner's Combination and Key Brinks Safe Having Been Located on the Defense Table During the Bench Trial March 24, 2008 through April !!, 2008." ECF No. 541. On March 3, 2019, Defendant filed a letter—which was docketed as a motion—solely asking, "What is the status on the enclosed matter; filed on 1/15/19?" with an attached copy of the Motion (ECF No. 541). ECF No. 542. These two motions remain pending. These two motions were filed in violation of the Court's November 26, 2018 Order (ECF No. 529) enjoining Defendant from submitting any *pro se* filings in this court without prior written approval of the court.

On February 18, 2020, the Court denied Defendant's "Motion" (ECF No. 549), "Motion for the U.S. District Court Judge Wilma A. Lewis to order the U.S. Attorney Office Division of St. Croix to answer and return all property seized from the Gillette Family's residence as noted on the 11 page list authored by the U.S. Marshal Service" (ECF No. 550),

*USA v. Gillette*
1:07-cr-00050-WAL-GWC
Order
Page 7

and "Motion for the United States District Court Judge Wilma A. Lewis to responsibly act on petitioner Gillette's 1/15/19 motion for order directing the respondents to make good faith effort inquiry into the whereabouts of petitioner's combination and key safe having been located on the defense table during the bench trial 3/24/08 through 4/11/08" (ECF No. 551), because Defendant had, again, filed in violation of the Court's November 26, 2018 Order enjoining Defendant from submitting any *pro se* filings in this court without prior written approval of the court. ECF No. 552.

Despite the unique wording of their titles, these motions regarding Defendant's personal property are best understood as motions for reconsideration of Defendant's Motion for Return of Property (ECF No. 508), which was ruled on by the Court in its January 5, 2019 Order (ECF No. 537). Defendant's motions for reconsideration were neither filed within the 14-day window, nor has Defendant shown good cause for the Court to reconsider his motions outside the 14-day window. Thus, Defendant's 2019 motions for reconsideration (ECF Nos. 541 and 542) will be denied and the Court's February 18, 2020 Order on Defendant's 2020 motions for reconsideration (ECF Nos. 549, 550, and 551) will not be disturbed.

### b. Transportation

On October 26, 2018, the Court denied Defendant's *pro se* Motion for Transport (ECF No. 517). ECF No. 518. On November 26, 2018, the Court considered and denied

*USA v. Gillette*
1:07-cr-00050-WAL-GWC
Order
Page 8

Defendant's *pro se* Motion for Reconsideration (ECF No. 528) of his Motion for Transport (ECF No. 517). ECF No. 529.

On February 24, 2020, Defendant filed—in violation of the court's November 26, 2018 Order—a "Motion for Court Order to Immediately Transfer the Petitioner in the Above-Styled and -Numbered Cause Back to the Sentencing Jurisdiction without Further Delay" (ECF No. 554). The motion remains pending. The unique title, again, does not prevent this motion from being a motion to reconsider Defendant's Motion for Transport (ECF No. 517). Defendant has not known shown good cause to consider the second motion for reconsideration outside of the 14-day window. Thus, the motion (ECF No. 554) will be denied.

### c. Sealed Documents

Defendant's instant motion asserts that "the Cannon court sealed the documents when Gillette <u>did not</u> request that these documents be sealed." ECF No. 574, p. 6. Defendant is referring to documents relating to a motion filed in Civil Case No. 2017-00042 and any motion to unseal documents should be filed separately under that case number.[3]

### d. Representation by Counsel

On March 8, 2011, Attorney DiRuzzo was appointed under the Criminal Justice Act to represent Defendant for the matter of competency hearing (ECF No. 377), which was

---

[3] Since Defendant has counsel in Civil Case No. 2017-00042, any motion should be filed through counsel. The court will not consider *pro se* motions filed by Defendant in cases where he has representation.

*USA v. Gillette*
1:07-cr-00050-WAL-GWC
Order
Page 9

held on March 23, 2012 (ECF No. 419). The last filing by Attorney DiRuzzo before his 2021 letter was a Motion to Expand and/or Supplement the Record on September 18, 2012. ECF No. 432. However, the docket reflects that Attorney DiRuzzo's representation was terminated on February 11, 2021—the date he filed his letter. *See* CM/ECF Docket in 1:07-cr-00050.

On March 6, 2017, Defendant wrote a letter to the Clerk "attempting to acquire 'Pro Bono counsel'" and receive a copy of the docket sheet. ECF No. 485. The letter was docketed as a motion to appoint counsel and remains pending. Defendant clearly indicated the motion pertained to Civil Case No. 2017-00004, so it was improperly docketed under the above-captioned case and will be denied as moot.[4]

On February 18, 2020, the Court denied without prejudice three of Defendant's *pro se* motions (ECF Nos. 549, 550, 551) because they were filed in violation of the Court's November 26, 2018 Order. ECF No. 552. On March 18, 2020, the court did not consider Defendant's "Memo" dated March 5, 2020 as it was filed in violation of the Court's November 26, 2018 Order. ECF No. 557. On May 6, 2020, the Court marked Defendant's "Motion Seeking Approval By U.S. Magistrate Judge To File Three Affidavits For U.S. Citizens Criminal Complaint Based Upon U.S. Customs And Boarder Protection (CBP) And U.S. Marshals Service (USMS) Improper, Inadequate, Inefficient, And Ineffective Investigations

---

[4] Defendant did have a motion to appoint counsel filed in Civil Case No. 2017-00004 (1:17-cv-00004; ECF No. 11) that was denied. 1:17-cv-00004; ECF No. 35.

Causing Erroneous Prosecution Of U.S. Citizen Resulting In Conviction Of Innocent Person" and attachments as "received" and did not docket them as they were filed in violation of the Court's November 26, 2018 Order. ECF No. 560.

On August 26, 2020, the Court denied Defendant's "Motion Seeking Approval By U.S. Magistrate Judge To Order The Filing (ECF No. 549), (ECF No. 550) And (ECF No. 551)" (ECF No. 567) in accordance with the court's March 18th Order. ECF No. 568. On October 27, 2020, the Court denied two of Defendant's *pro se* motions (ECF Nos. 566, 570), citing the Court's March 18, 2020 Order. ECF No. 571.

On February 11, 2021, Joseph DiRuzzo III, Esq. filed a letter with the Court clarifying that he does not represent Defendant "as [his] representation of [Defendant] ended with the end of [his] CJA appointment." ECF No. 573-1. "Thus, contrary to the Court's March 18, 2020, order (Doc. # 557) the 'Defendant [does not have] attorney representation in this case.'" ECF No. 573-1. However, the record reflects that Attorney DiRuzzo's representation of Defendant terminated on February 11, 2021, which is simply the date of his letter.

Upon consideration of Attorney DiRuzzo's letter, the Court has received notice that Defendant is not currently represented by counsel and was not represented at the time of the Court's March 18, 2020 Order (ECF No. 557). Thus, the Court's March 18, 2020 Order— and the Court's subsequent Orders based on it—was based on the incorrect basis that Defendant had representation. Defendant is entitled to limited relief under Rule 60. Defendant is no longer subject to the aspect of the Court's November 26, 2018 Order

*USA v. Gillette*
1:07-cr-00050-WAL-GWC
Order
Page 11

enjoining Defendant from filing *pro se* motions without leave of court, which was made under the assertion that Defendant was represented by counsel.[5] However, the Court will not vacate the March 18th Order, nor any of the subsequent motions that relied on the March 18th Order, as their rulings constituted harmless error.[6]

In sum, the court has considered and ruled upon Defendant's motion(s) for return of personal property and motion(s) for transport. The Court will not reconsider these motions unless Defendant can show good cause to reconsider the motions outside the 14-day window. LRCi 7.3(a). Defendant must show new basis for reconsideration; the Court will not contemplate frivolous motions based upon Defendant's previously used, unsuccessful arguments.

WHEREFORE, it is now **ORDERED**:

1. Defendant's "Motion for Alternative U.S. Magistrate . . . " (ECF No. 574) and accompanying motions regarding the status of said motion (ECF Nos. 575 and 576) are **DENIED**;

2. Defendant's motions for reconsideration regarding his motion for return of property (ECF Nos. 541 and 542) are **DENIED**;

---

[5] The remainder of the Court's November 26, 2018 Order still stands, including the denial of Defendant's *pro se* motion for reconsideration (ECF No. 528).
[6] *See* Fed. R. Civ. P. 61.

3. Defendant's "Motion for Court Order to Immediately Transfer the Petitioner in the Above-Styled and -Numbered Cause Back to the Sentencing Jurisdiction without Further Delay" (ECF No. 554) is **DENIED**;

4. Defendant's motion to appoint counsel (ECF No. 485), filed here under the incorrect case number, is **MOOT**;

5. The Clerk of Court shall send Defendant the following documents via certified mail:

    a. A copy of this Order and

    b. A copy of the docket sheet.

ENTER:

Dated: September 21, 2021

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE